**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ANTHONY J. MAITILASSO,
Plaintiff-Appellant,

v.

CHARLES E. TIMBERLAKE, JR.; L. R.
SPEARS; DONALD L. KUYKENDALL,
Defendants-Appellees,

and

No. 94-1898

VIRGINIA STATE POLICE; JOHN
HAMLET; WESTMORELAND COUNTY;
GEORGE WILLIAM WAUGHTEL,
Deputy; CLYDE DAVIS; WAYNE
DIROSARIO; DARRYL E. FISHER;
W. W. HYNSON; WILLIAM O.
SYDNOR; HELEN WHITE,
Defendants.

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Richard L. Williams, Senior District Judge.
(CA-94-171-R)

Argued: April 3, 1995

Decided: February 5, 1996

Before WIDENER and LUTTIG, Circuit Judges, and PHILLIPS,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** William Gething Dade, DADE & BAILEY, Fredericksburg, Virginia, for Appellant. Francis Walter Pedrotty, III, Assistant Attorney General, OFFICE OF THE ATTORNEY GENERAL, Richmond, Virginia, for Appellees. **ON BRIEF:** James S. Gilmore, III, Attorney General of Virginia, OFFICE OF THE ATTORNEY GENERAL, Richmond, Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

The plaintiff, Anthony J. Maitilasso, appeals the order of the district court granting the defendants' motion for summary judgment on the grounds of qualified immunity, and dismissing his claim under 42 U.S.C. § 1983 that defendant law-enforcement officers violated his constitutional rights by unlawfully arresting him when he refused to submit to fingerprinting. We affirm.

Defendants Timberlake and Spears are state police officers who were investigating allegations against Maitilasso of aggravated sexual battery, a felony under Va. Code Ann. § 18.2-67.3. During an interview, Maitilasso gave the spelling of his name as Maitilasso and a birthdate of May 23, 1943, and stated that he had never been arrested. This information was inconsistent with other information discovered by the officers which revealed a North Carolina driver's license with the birthdate of April 23, 1943 and the spelling of the name as Maititasso; records from Virginia showing both spellings of his name with a birthdate of May 23, 1943; records from Michigan showing the last name to be Maitilasso with a birthdate of April 23, 1943; and a criminal history record of an arrest for three offenses of theft in Pennsylvania in 1985.

2

Based on the inconsistencies in the various state records as to the spelling of his name and his birthdate, and Maitilasso's statement that he had never been arrested, the officers requested that Maitilasso submit to fingerprinting. Maitilasso refused, offering instead an affidavit of identity. The officers then obtained a search warrant from Magistrate Donald Kuykendall to obtain the fingerprints of Maitilasso for the purpose of verifying Maitilasso's identity in relation to their investigation of the offense of aggravated sexual battery in violation of Va. Code Ann. § 18.2-67.3. The warrant was executed and Maitilasso again refused to submit to fingerprinting. He was arrested, transported to the Westmoreland County Sheriff's office, and appeared the same day before Magistrate John Hamlet, who found probable cause and issued a warrant for arrest for obstruction of justice, failing to assist an officer in a criminal investigation, in violation of Va. Code Ann. § 18.2-460. Maitilasso again refused to be processed and was jailed with a $1500.00 cash surety bond until the next day when he submitted to fingerprinting. Three felony warrants charging Maitilasso with aggravated sexual battery of three victims all under the age of thirteen years were secured on February 18, 1994.

Maitilasso brought an action pursuant to 42 U.S.C.§ 1983 against Timberlake and Spears and others, alleging that he was unlawfully arrested without a warrant or proper legal foundation. In a final order entered June 10, 1994, the district court dismissed the case against all defendants, including Magistrate Hamlet and Westmoreland County pursuant to Fed. R. Civ. Proc. 12(b)(6), and found that Magistrate Kuykendal was entitled to judicial immunity on the same basis as was Magistrate Hamlet. The court granted motions for summary judgment in favor of the Virginia State Police and defendants Timberlake, Spears, and Davis based on 11th Amendment immunity in their official capacities and the fact that the State Police are not persons under § 1983. The court denied the officers' motion in their individual capacities for failure to state a claim, but granted their motion for summary judgment based on qualified immunity, finding that the officers acted in an objectively reasonable fashion and in reliance upon warrants issued by judicial officers. The only issue on appeal is the grant of summary judgment in favor of Timberlake and Spears on the basis of qualified immunity. Maitilasso brief at 2.

Qualified immunity is an entitlement to be free from suit, and thus is a question of law that is properly decided as early as possible.

3

Hunter v. Bryant, 502 U.S. 224, 227-28 (1991). Our review of the district court's grant of summary judgment on the basis of qualified immunity is de novo, in light of all relevant precedents. Elder v. Holloway, 62 USLW 4149 (Feb. 23, 1994).

The proper standard to determine if Timberlake and Spears are entitled to qualified immunity is whether in light of clearly established law and the information the officers possessed, a reasonable officer could have believed that he had probable cause to obtain a search warrant for fingerprinting, and that probable cause existed to arrest Maitilasso for obstruction of justice. See Anderson v. Creighton, 483 U.S. 635, 641 (1987); see also Malley v. Briggs, 475 U.S. 335 (1986). In the circumstances of this case,"[p]robable cause existed if `at the moment the arrest was made . .. the facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing' that [Maitilasso] had violated[Va. Code Ann. § 18.2-460]." Hunter, 502 U.S. at 228, quoting Beck v. Ohio, 379 U.S. 89, 91 (1964). The test is "whether the [officers] acted reasonably under settled law in the circumstances, not whether another reasonable, or more reasonable, interpretation of the events can be constructed. . . ." 502 U.S. at 228.

In this case, Maitilasso was suspected of committing aggravated sexual battery of children. He had lied about his criminal history, and, for whatever reason, had records in at least three other States showing a different spelling of his name and a different birthdate. The officers asked him to submit to fingerprinting in order to establish his identity. When Maitilasso refused, the officers sought and obtained a search warrant from a judicial officer. The warrant clearly stated the purpose and scope of the search and we find nothing in the record to suggest that the officers mislead the magistrate. A reasonably competent officer could have concluded that Maitilasso was covering up relevant criminal history, and that probable cause existed to seek a simple form of identification as well as a correct criminal history not based on the spelling of a name or on date of birth. We also agree with the district court that a reasonably competent officer could conclude that he could rely on the magistrate's determination of probable cause in issuing the warrant for fingerprinting.

4

When Maitilasso refused to comply with the search warrant, he was arrested for obstruction of justice in violation of Va. Code Ann. § l8.2-460, a Class I misdemeanor, punishable by up to twelve months confinement or a fine of not more than $1000, either or both. Va. Code Ann. § 18.2-11(a). Maitilasso presented no precedent, and we have found none, to support his position that under Virginia law there is no probable cause to arrest when a person under investigation for felonious crimes refuses to comply with an objectively valid search warrant. A reasonably competent officer could conclude under Virginia law that such a refusal was a violation of Va. Code Ann. § l8.2-460. See Love V. Commonwealth, 212 Va. 492, 184 S.E. 2d 769 (1971). In Virginia, a state police officer has authority to arrest without a warrant for a misdemeanor committed in his presence, or to arrest without a warrant if he has reasonable grounds to suspect that the person has committed a felony outside his presence. Va. Code Ann. § 19.2-81. We find that a reasonably competent officer could conclude that there was probable cause to arrest Maitilasso under the circumstances and under relevant precedent.*

In sum, we are of opinion that Timberlake and Spears were ever so careful in their treatment of Maitilasso.

The judgment of the district court is accordingly

AFFIRMED.

_____

*We also note that it is questionable that Maitilasso has met the threshold requirement of establishing that the defendants deprived him of a right "secured under the United States Constitution." See Baker v. McCollan, 443 U.S. 137, 146 (1979).

5